UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>vs.<br><br>JULIO PATTON CESAR CARDENA,<br><br>               Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:09-cr-021 CW<br><br>Judge Clark Waddoups |

Defendant Julio Patton Cesar Cardena has moved pro se for appointment of counsel, seeking assistance in preparing a petition under *Johnson v. United States*, 576 U.S. ____, 135 S. Ct. 2551 (2015). *Johnson* held the residual clause of the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B), was unconstitutional. *Johnson*, 135 S. Ct. at 2563. As a result, it permitted challenges under 28 U.S.C § 2555 to sentences imposed under that clause. *See Welch v. United States*, 578 U.S. ____, 136 S. Ct. 1257, 1268 (2016).

In this case, the court has reviewed the presentence report and the judgment. Mr. Cardena was sentenced under U.S.S.G. §§ 2D1.1 and 4B1.1, which set the base offense level at 37 based on the quantity of drugs involved and two prior convictions for a controlled substance offense. Mr. Cardena was given a three-level reduction for acceptance of responsibility. Based on his criminal history, Mr. Cardena's guideline sentence was 262 to 327 months. At sentencing the court varied from the Guideline range and imposed sentence at 151 months.

Notably, Mr. Cardena's sentencing Guideline was *not* calculated under the residual clause of the Armed Career Criminal Act.  *Johnson* therefore has no application to him.  In addition, any § 2255 petition filed at this point would likely be untimely.  For these reasons, there appears no basis to appoint counsel to allow Mr. Cardena to pursue such a petition.  The motion is DENIED. (Dkt. No. 91).

SO ORDERED this 19th day of October, 2016.

BY THE COURT:

Clark Waddoups
United States District Judge